IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

DOROTHY MONCRIEF,

            Plaintiff

    VS.

JO ANNE BARNHART,

            Defendant

NO. 5:06-CV-210 (HL)

**SOCIAL SECURITY APPEAL**

# O R D E R

This is a review of a final decision of the Commissioner of Social Security partially denying Plaintiff's claim for benefits under the Social Security Act, 42 U.S.C. § 423. All administrative remedies have been exhausted. Jurisdiction arises under 42 U.S.C. § 405(g).

## HISTORY

Plaintiff DOROTHY MONCRIEF filed an application for disability, disability insurance benefits, and Supplemental Security Income on October 17, 2002, alleging that she became unable to work on August 15, 2001. Plaintiff's applications were denied initially and on reconsideration. She was granted benefits, however, after a hearing in front of an Administrative Law Judge (ALJ) which was held on May 7, 2004. On June 24, 2004, the ALJ issued a decision that found Plaintiff was disabled beginning on June 19, 2003, but not before that date.

Plaintiff Moncrief appealed the ALJ's decision to the Appeals Council, which denied her request for review. Plaintiff has exhausted her administrative remedies, and this case is ripe for review in this court.

## LEGAL STANDARDS

The court's review of the Commissioner's decision is limited to a determination of whether it is supported by substantial evidence and whether the correct legal standards were applied. Walker v. Bowen, 826 F.2d 996 (11th Cir. 1987). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389 (1971).

The court's role in reviewing claims brought under the Social Security Act is a narrow one. The court may not decide facts, re-weigh evidence, or substitute its judgment for that of the Commissioner.[1] Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). The court must, however, decide if the Commissioner applied the proper standards in reaching a decision. Harrell v. Harris, 610 F.2d 355, 359 (5th Cir. 1980). The court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual findings. Bloodsworth, 703 F.2d at 1239. However, even if the evidence preponderates against the Commissioner's decision, it must be affirmed if substantial evidence supports it. Id.

The initial burden of establishing disability is on the claimant. Kirkland v. Weinberger, 480 F.2d 46 (5th Cir. 1973). However, the claimant's burden is a heavy one and is so stringent that it has been described as bordering on the unrealistic. Oldham v. Schweiker, 660 F.2d 1078 (5th Cir. 1981).

A claimant seeking Social Security disability benefits must demonstrate that he suffers from an impairment that prevents him from engaging in any substantial gainful activity for a twelve-month period. 42 U.S.C. § 423(d)(1). In addition to

---

[1]Credibility determinations are left to the Commissioner and not to the courts. Carnes v. Sullivan, 936 F.2d 1215, 1219 (11th Cir. 1991). It is also up to the Commissioner and not to the courts to resolve conflicts in the evidence. Wheeler v. Heckler, 784 F.2d 1073, 1075 (11th Cir. 1986). See also Graham v. Bowen, 790 F.2d 1572, 1575 (11th Cir. 1986).

meeting the requirements of these statutes, in order to be eligible for disability payments, a claimant must meet the requirements of the Commissioner's regulations promulgated pursuant to the authority given in the Social Security Act. 20 C.F.R. §§ 404.1 *et seq*.

Under the regulations, the Commissioner determines if a claimant is disabled by a five-step procedure. 20 C.F.R. § 404.1520, Appendix 1, Part 404. First, the Commissioner determines whether the claimant is working. Second, the Commissioner determines whether the claimant has an impairment which prevents the performance of basic work activities. Next, the Commissioner determines whether the claimant's impairments meet or equal an impairment listed in Appendix 1 of Part 404 of the regulations. Fourth, the Commissioner determines whether the claimant's residual functional capacity can meet the physical and mental demands of past work. Finally, the Commissioner determines whether the claimant's residual functional capacity, age, education, and past work experience prevents the performance of any other work.

In arriving at a decision, the Commissioner must consider the combined effect of all the alleged impairments, without regard to whether each impairment, if considered separately, would be disabling. Bowen v. Heckler, 748 F.2d 629, 635 (11th Cir. 1984). The Commissioner's failure to apply correct legal standards to the evidence presented is grounds for reversal. Id.

## DISCUSSION

Plaintiff Moncrief has alleged three specific errors on behalf of the ALJ when considering the onset date of her disability.

### 1. Date Plaintiff Stopped Working

The ALJ's decision finds that Plaintiff "testified that she quit work in August 2001, due to pain and swelling in the lower extremities." Tr. at 22. This finding is not supported by any evidence, and was apparently due to a miscommunication at Plaintiff's hearing in front of the ALJ. Plaintiff had actually not worked since 1997.

However, the ALJ's misrepresentation of Plaintiff's last day of actual work had no effect on his finding of the onset date of her disability. Assuming that the ALJ thought that Plaintiff had worked was in 2001, the ALJ still did not find that she was disabled until June 18, 2003. There is nothing in the record indicating that the ALJ made his determination of when the plaintiff became disabled based on when Plaintiff stopped working. Rather, the record is clear that the date on which the ALJ found that Plaintiff was disabled was nearly two years after she had stopped working.

Plaintiff has not shown any reason why the ALJ's misrepresentation of Plaintiff's last day of work was anything other than harmless error.

## 2. December 5, 2002 Findings of the Consultative Physician

Plaintiff argues that the ALJ did not consider certain findings of Dr. William S. Hutchings, who examined Plaintiff on December 5, 2002, including observations that Dr. Hutching made regarding the amount of time Plaintiff could spend sitting and standing. This contention also lacks merit.

The ALJ's decision included the following conclusion:

> [F]rom the alleged onset date through June 18, 2003, the claimant retained the residual functional capacity to perform a wide range of light work. A function by function analysis of the claimant's residual functional capacity reveals that she could sit, stand, and walk for 6 hours each total in an 8 hour day. The claimant would need to change positions at will. She could life and carry no more than 20 pounds on occasion and 10 pounds frequently. The claimant could not push or pull any significant amount of weight. She was limited to no more than occasional stooping, kneeling, crouching, and climbing of stairs. The claimant could never crawl, work in high, exposed places, or climb ladders, ropes, or scaffolds. She should also avoid exposure to pulmonary irritants, poor ventilation, moving mechanical parts, and electrical shock.

Tr. at 23.

Plaintiff argues that the ALJ's finding is incompatible with Dr. Hutchings's findings that prolonged sitting or standing would swell Plaintiff's feet. She further contends that the ALJ should have considered another of Dr. Hutchings's findings:

to wit a "two inch linear cut on the lateral posterior portion of her left foot that was about 1.5 cm across and open with purulent draining material coming from it." Tr. at 139 and 155. However, Dr. Hutchings never placed any restriction on the amount of time Plaintiff could spend sitting, walking, or standing based on those conditions.

Accordingly, those findings alone do not amount to a disability, and the ALJ did not need to discuss them in detail in order for his opinion to be supported by substantial evidence.

### 3. Cardiac and Respiratory Limitations

Plaintiff's final contention argues that the ALJ's conclusion that Plaintiff's cardiac and respiratory problems were not disabling until June 19, 2003, is in error based on some objective evidence tending to show more respiratory limitations from an analysis the previous summer. While the undersigned may have come to a different conclusion regarding that specific finding, there is substantial evidence in the record to support the ALJ's conclusion, and it is therefore not subject to remand on that basis.

### CONCLUSION

Based on the above analysis, the Commissioner's ruling was based on substantial evidence and is **AFFIRMED**.

SO ORDERED this 17th day of MARCH, 2008.

*s/ Hugh Lawson*
HUGH LAWSON
CHIEF JUDGE

tch